IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE DAMOND JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-1908-X-BN |
| | § | |
| DALLAS COUNTY COMMUNITY | § | |
| COLLEGE and STATE OF TEXAS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kyle Damond Jones, again proceeding *pro se*, returns to this Court to raise a claim against Defendant Dallas County Community College ("DCCD") concerning DCCD's citing him for criminal trespass, adding as a defendant the State of Texas. *See* Dkt. No. 3; *see generally Jones v. Dallas Cnty. Cmty. Coll. Dist.*, No. 3:19-cv-1147-G-BN (N.D. Tex.) ("*Jones I*"). Jones has moved for leave to *proceed in forma pauperis* ("IFP"). *See* Dkt. No. 4. And his action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

Jones previously alleged

that, "[f]or the past two years DCCD has caused [adverse] effects on [his] recognized disability of Asperger's[ – a previously used diagnosis on the autism spectrum, that, in 2013, became part of one umbrella diagnosis of autism spectrum disorder – ]and depression by failing to have properly trained employees." And he further allege[d] that DCCD discriminated against him on the basis of his disabilities by twice citing him for criminal trespass and by preventing him from being present on

campus for a year.

*Jones I*, Dkt. No. 7 at 1-2.

In *Jones I*, the Court served his complaint, DCCD answered, a scheduling conference was held, the parties' participated in a settlement conference with a United States magistrate judge, and they settled their dispute. *See id.*, Dkt. Nos. 9-13, 16, 18-27; *see also id.*, Dkt. No. 27 (order of dismissal providing: "The parties' Joint Motion to Dismiss (docket entry 26) is GRANTED. It is therefore ORDERED, ADJUDGED and DECREED that: (a) all claims in this case are dismissed with prejudice to the refiling of same in any form; and (b) all taxable costs and attorneys' fees are to be paid by the party incurring same. This is a Final Judgment.").

Jones now alleges that, on July 20, 2020, he contacted DCCD's police department "to see if the [trespass] was removed and was advised that DCCD had the right to modify Texas law without regards to checks and balances or civil rights of citizens." Dkt. No. 3 at 1. He then urges this Court to hold that the "State of Texas is in error for allowing DCCD to have the power to form a police force and enforce laws" and appears to assert that DCCD's ability to have a police force violates his constitutional rights. *Id.*

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice for the reasons explained below.

**Legal Standards**

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim

on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section

1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City*

*of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

First, any claim by Jones against the State of Texas (not named as a defendant in *Jones I*) is barred by Eleventh Amendment immunity. *See Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) ("Under the Eleventh Amendment, '[a]bsent waiver, neither a State nor agencies acting under its control may "be subject to suit in federal court."'" (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (in turn quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 480 (1987)))); *see also id.* at 903 (concluding that the "§ 1983 claims are barred" because "[n]either Neither Texas nor [the state agency] has waived

its [Eleventh Amendment] immunity").

But any constitutional claim against DCCD is not barred by the Eleventh Amendment.

> Texas community college districts are not protected by the Eleventh Amendment, [so] claims in federal court against [DCCD] based on federal law are permissible. *See Hander v. San Jacinto Junior College*, 519 F.2d 273, 278-79, *reh. denied*, 522 F.2d 204 (5th Cir. 1975); *Goss v. San Jacinto Junior College*, 588 F.2d 96, 98-99 (5th Cir. 1979) ("San Jacinto Junior College is an independent 'political subdivision' as a matter of Texas statutory and common law. Hander leaves no doubt that [the junior college] has no Eleventh Amendment immunity."). While [DCCD] may have sovereign immunity from state law tort claims, *Jones v. Houston Independent School District*, 979 F.2d 1004, 1007 (5th Cir.1992), Texas community colleges are subject to suit in the federal courts.

*Chapman v. Dallas Cnty. Cmty. Coll. Dist.*, No. 3:05-cv-1809-G, 2006 WL 3442057 (N.D. Tex. Nov. 29, 2006) (footnote omitted); *see also Hicks v. Dallas Cnty. Cmty. Colls.*, No. 3:17-cv-809-D, 2017 WL 6628454, at *2 (N.D. Tex. Sept. 18, 2017) ("Texas community college districts, such as [DCCD], are 'entities of an equivalent character to independent school districts.'" (quoting *Chapman*, 2006 WL 3442057, at *3; citation omitted)), *rec. adopted*, 2017 WL 6621574 (N.D. Tex. Dec. 28, 2017).

But Jones's current claim against DCCD, a constitutional challenge to DCCD's citing him for trespass – not a basis for liability asserted in *Jones I* – is nonetheless barred by res judicata.

"Generally, res judicata must be pled as an affirmative defense" under Federal Rule of Civil Procedure 8(c)(1), but the first of "two limited exceptions" to that rule applies here and "permits '[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same

court.'" *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)).

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dallas*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (citation modified).

As to DCCD, the first three conditions are easily met here: as between *Jones I* and this action, the parties are identical, and this district court entered a final judgment dismissing the prior case with prejudice.

Taking up the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-

96 (5th Cir. 2004))); *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True res judicata bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))); *Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at *3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").

 The claims here emanate from the same nucleus of operative facts. And it does not matter that Jones may add some factual allegations to this complaint that he may claim occurred after dismissal of *Jones I* – or assert a different theory of liability against DCCD – as those facts and that theory are not consequential to the tenor of his allegations against DCCD and do not materially affect claims that originate from the same nucleus of operative facts. *See, e.g., Manicki v. Zeilmann*, 443 F.3d 922, 925 (7th Cir. 2006) (considering a similar transactional test and rejecting a plaintiff's argument against claim preclusion that turned on his contention that his suits presented "two separate clusters of facts" where "the ultimate relief sought" was the same and "the facts bearing on the appropriateness of that remedy ... would be the same").

 Further, the theory of liability that Jones now urges against DCCD was

available to him at the time that he filed *Jones I*. So the current constitutional challenge to DCCD's having a police force "could or should have been brought in the first action." *Alexander*, 2017 WL 3585470, at *3.

## Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 7, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE